# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**June 2, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**SEMPER FI PAVING, LLC,**
**Plaintiff Below, Petitioner**

**v.) No. 25-ICA-282**           (Cir. Ct. Ohio Cnty. Case No. CC-35-2023-C-21)

**GRANNA OPERATING, LLC,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Semper Fi Paving, LLC ("Semper Fi") appeals the Circuit Court of Ohio County's June 12, 2025, order granting summary judgment to Respondent Granna Operating, LLC ("Granna") on Semper Fi's breach of contract claim related to truck repairs. Granna filed a response.[1] Semper Fi did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the circuit court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the circuit court's June 12, 2025, order is reversed, and the matter is remanded to the circuit court for further proceedings consistent with this decision.

Semper Fi is in the paving business. On September 28, 2021, one of its paving trucks was damaged and required repairs. On November 2, 2021, the truck was towed to Granna's facility and Granna agreed to make repairs to the truck pursuant to a repair estimate authorized by Semper Fi's insurance carrier. Semper Fi alleges that Granna verbally agreed to complete the repairs and return the truck to Semper Fi by April 2022 in time for the 2022 paving season. Despite receiving payment from Semper Fi's carrier in December 2021, Granna did not complete the repairs and return the truck to Semper Fi until November 2022. Semper Fi was unable to use the truck during the 2022 paving season.

Semper Fi filed the underlying action for breach of contract to recover its lost business expenses, negligence, and fraud. After the close of discovery, Granna filed a motion for summary judgment as to all counts in Semper Fi's amended complaint. On June

---

[1] Semper Fi is represented by David L. Delk, Jr., Esq. Granna is represented by David L. Wyant, Esq.

1

5, 2025, Semper Fi filed a response withdrawing its negligence and fraud claims, but arguing that there was an issue of material fact on its breach of contract claim. Semper Fi attached to the response the affidavit of its managing member Deborah Jewell, and the transcript of the deposition of its owner Christopher Jewell. In the response, Semper Fi pointed to Ms. Jewell's statement that Granna had agreed to repair the paving truck and return it no later than April 2022, and Mr. Jewell's testimony that Granna did not completely repair the truck. On June 12, 2025, the circuit court entered its order granting summary judgment to Granna and dismissing the case. In the order, the circuit court made the following conclusions pertinent to this appeal:

> In the case sub judice, the accepted estimate between the parties makes no mention whatsoever of any time frame for this repair to occur, let alone the specific time frames Plaintiff alleges. Plaintiff's Response is limited to unsupported individual testimony that these time frames existed, which is not enough to defeat Defendant's Motion for Summary Judgment.
> ...
>
> With no factual support for its claims related to the timeliness or quality of the truck repair at issue here, Plaintiff has alleged, at best, only a scintilla of evidence to defeat Defendant's Motion for Summary Judgment pertaining to Plaintiff's breach of contract claims. Plaintiff has not produced sufficient evidence to support its breach of contract claims or otherwise corroborate the self-serving statements of its owners and principals.[2]

This appeal of the circuit court's June 12, 2025, order followed.

Appellate review of an order granting summary judgment is de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994) ("A circuit court's entry of summary judgment is reviewed *de novo*."). We apply the same standard as the circuit court, in that, "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. Pt. 1, *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 459 S.E.2d 329 (1995) (citations and quotations omitted). Further,

> If the moving party makes a properly supported motion for summary judgment and can show by affirmative evidence that there is no genuine issue of a material fact, the burden of production shifts to the nonmoving party who must either (1) rehabilitate the evidence attacked by the moving party,

---

[2] The circuit court granted summary judgment on Semper Fi's negligence and fraud claims because Semper Fi abandoned them. The circuit court also found that Semper Fi had not contested the motion for summary judgment on the issue of damages in the form of lost revenue and granted summary judgment on any claim for lost revenue.

(2) produce additional evidence showing the existence of a genuine issue for trial, or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f) of the West Virginia Rules of Civil Procedure.

*Williams*, 194 W. Va. at 56, 459 S.E.2d at 333, syl. pt. 3. When considering the nonmoving party's burden, this Court "must draw any permissible inference from the underlying facts in the light most favorable to the party opposing the motion [for summary judgment]." *Painter*, at 192, 451 S.E.2d at 758. Mindful of these standards, we will address the parties' arguments.

In its sole assignment of error, Semper Fi asserts that summary judgment is inappropriate because Semper Fi's owner's testimony and the managing member's affidavit are sufficient to prove an oral contract. In response, Granna argues that this uncorroborated testimony does not create a genuine issue for trial. We agree with Semper Fi.

Upon review, we determine that Semper Fi satisfied its burden as the nonmoving party and established a genuine factual issue for trial. Semper Fi alleges that Granna verbally agreed to complete the repairs by April 2022 for the 2022 paving season. Additionally, Semper Fi alleges that Granna installed the wrong kind of tarp on the truck. As discussed, in response to Granna's motion for summary judgment, Semper Fi produced an affidavit from Semper Fi's managing member, Deborah Jewell, and the deposition testimony of Semper Fi's owner, Christopher Jewell. In her affidavit, Ms. Jewell stated that a Granna representative verbally agreed to have repairs done by April 2022. In his deposition, Mr. Jewell testified that a Granna representative had agreed to repair the truck within two weeks. Mr. Jewell further testified that Granna replaced the truck's tarp with a different tarp that was significantly cheaper and unusable for paving.

The circuit court disregarded Ms. Jewell's affidavit and Mr. Jewell's deposition testimony as self-serving and uncorroborated. The Supreme Court of Appeals of West Virginia has explained that "self-serving assertions without factual support in the record will not defeat a motion for summary judgment." *Williams*, 194 W. Va. at 61 n.14, 459 S.E.2d at 338 n.14. The Supreme Court has relied on this principle to affirm summary judgment in cases in which the nonmovant relied on bare assertions in his or her own testimony to contradict substantial contrary evidence. *See Stephen W. v. Timberline Four Seasons Resort Mgmt.*, No. 14-1158, 2015 WL 5125536, at *2 (W. Va. Aug. 31, 2015) (memorandum decision); *Campion v. W. Va. Dep't of Educ.*, No. 15-0689, 2016 WL 3141580, at *4 (W. Va. June 3, 2016) (memorandum decision). However, the Supreme Court has also clarified that a plaintiff's own testimony can create an issue of material fact on disputed issues. *See Bowden v. Monroe Cnty. Comm'n*, 239 W. Va. 214, 224-25, 800 S.E.2d 252, 262-63 (2017) (finding that petitioner's deposition testimony created an issue of material fact regarding whether a meeting had occurred). Recently, the Supreme Court found that testimony that was "replete with specific facts and occurrences properly subject

to cross-examination and rebuttal evidence rather than subjective, conclusory allegations" was not "the type of 'self-serving' evidence insufficient to resist summary judgment." *Longerbeam v. Shepherd Univ.*, 252 W. Va. 264, ___ n.25, 922 S.E.2d 264, 282 n.25 (2024).

We find that Semper Fi's testimonial evidence in this case consists of specific factual representations, not the type of bare assertions properly disregarded at summary judgment. Here, the circuit court's conclusion runs counter to a well-settled principle that this Court and the circuit court may not determine the credibility of witnesses or weigh the evidence at the summary judgment stage. *See State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995) ("An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact."); Syl. Pt. 3, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994) ("The circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial."). Additionally, the Supreme Court of Appeals of West Virginia has determined that when there is no written contract or the documentation is uncertain or incomplete, as is the case here, witness testimony can provide the necessary terms. *See* Syl. Pt. 10, *Poling v. Pre-Paid Legal Servs., Inc.*, 212 W. Va. 589, 575 S.E.2d 199 (2002). As a result, we conclude that Semper Fi's evidence is sufficient to establish genuine issues of material fact for trial on Semper Fi's breach of contract claim, and the circuit court erred in granting Granna's motion for summary judgment.

Accordingly, we reverse the June 12, 2025, order and remand the case to the circuit court for further proceedings consistent with this decision.[3]

Reversed and Remanded.

**ISSUED:** June 2, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

---

[3] As Semper Fi has not challenged the circuit court's order to the extent it granted summary judgment as to any claim for lost revenue, we do not disturb that ruling on appeal.

4